UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: SYNCHRONY FINANCIAL DERIVATIVE LITIGATION | Lead Case No. 3:19-cv-00130-VAB |

**PRELIMINARY APPROVAL ORDER**

(i) This matter will come before the Court for a hearing on April 1, 2024. Jeffrey Gilbert and Maureen Aldridge (the "Plaintiffs") in the above-captioned action (the "Action") pending in the United States District Court for the District of Connecticut (the "Court") have made an unopposed motion, under Rule 23.1 of the Federal Rules of Civil Procedure, for an order: preliminarily approving the proposed settlement (the "Settlement") of stockholder derivative claims brought on behalf of Synchrony Financial ("Synchrony" or the "Company"), in accordance with the Stipulation and Agreement of Settlement dated December 12, 2023 (the "Stipulation");

(ii) approving the form and manner of the notice of the Settlement to Current Synchrony Stockholders; and

(iii) setting a date for the Settlement Hearing.[1]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to, a proposed Settlement and dismissal with prejudice of the above-captioned derivative action, titled In re: Synchrony Financial Derivative Litigation, Lead Case No. 3:19-cv-00130-VAB;

---

[1] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

1

WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Stockholder Derivative Settlement together with the accompanying Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Parties in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Synchrony and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Synchrony stockholders should be apprised of the Settlement through the proposed form and means of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court, for purposes of this Preliminary Approval Order, adopts the definitions set forth in the Stipulation.

2. This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3. A hearing shall be held on April 1, 2024 at 11:00 a.m., before the Honorable Victor A. Bolden, at the United States District Court for the District of Connecticut, Courtroom 2 of the Richard C. Lee, United States Courthouse, 141 Church Street, New Haven, Connecticut 06510 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the

Stipulation should be approved as fair, reasonable, and adequate; (ii) whether the Notice and Summary Notice fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process; (iii) whether all Released Claims against the Released Persons should be fully and finally released; (iv) whether the agreed-to Fee and Expense Amount should be approved; and (v) such other matters as the Court may deem appropriate.

4. The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5. Within twenty-one (21) days after the entry of this Preliminary Approval Order, Synchrony shall: (1) post a copy of the Notice and the Stipulation (and exhibits thereto) on the Investor Relations page of the Company's website; (2) publish the Summary Notice in Investor's Business Daily; and (3) publish the Summary Notice in USA Today. At least thirty (30) days before the Settlement Hearing, Synchrony shall also update the litigation disclosure in its first filing with the SEC on Form 10-Q or Form 10-K after the entry of this Preliminary Approval Order to advise of the status of the Settlement and that the Notice and Stipulation (and exhibits thereto) can be found on the Investor Relations page of Synchrony's website.

6. All costs incurred in the filing, posting, and publication of the notice of the Settlement shall be paid by Synchrony, and Synchrony shall undertake all administrative responsibility for the filing, posting, and publication of the notice of the Settlement.

7. At least thirty (30) calendar days before the Settlement Hearing, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to filing,

publishing, and posting the notice of the Settlement as provided for in paragraph 5 of this Preliminary Approval Order.

8. All Current Synchrony Stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Current Synchrony Stockholders.

9. Pending final determination of whether the Settlement should be approved, Plaintiffs and Synchrony stockholders shall not commence, institute, or prosecute against any of the Released Persons any action or proceeding in any court or tribunal asserting any of the Released Claims.

10. Any stockholder of Synchrony common stock may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Amount or Service Awards should not be awarded. However, no Synchrony stockholder shall be heard or entitled to contest the approval of the Settlement, or, if approved, the Judgment to be entered thereon, unless that Synchrony stockholder has caused to be filed, and served on counsel as noted below: (i) a written notice of objection with the case name and number (In re: Synchrony Financial Derivative Litigation, Lead Case No. 3:19-cv-00130-VAB (D. Conn.)); (ii) the Person's name, legal address, and telephone number; (iii) notice of whether such Person intends to appear at the Settlement Hearing and the reasons such Person desires to appear and be heard, and whether such Person is represented by counsel and if so, contact information for counsel; (iv) competent evidence that such Person held shares of Synchrony common stock as of the date of the Stipulation and continues to hold such stock as of the date the

objection is made, including the date(s) such shares were acquired; (v) a statement of objections to any matters before the Court, the grounds therefor, as well as all documents or writings such Person desires the Court to consider; and (vi) the identities of any witnesses such Person plans on calling at the Settlement Hearing, along with a summary description of their expected testimony.

11. At least twenty-one (21) calendar days before the Settlement Hearing set for April 1, 2024, any such person must file the written objection(s) and corresponding materials with the Clerk of the Court, United States District Court for the District of Connecticut, Courtroom 2 of the Richard C. Lee, United States Courthouse, 141 Church Street, New Haven, CT 06510, and serve such materials by that date, on each of the following Parties' counsel:

*Counsel for Plaintiffs:*
**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501 New York, NY 10017
Telephone: 516-922-5427
Email: tbrown@thebrownlawfirm.net

*Counsel for Defendants:*
**CLEARY GOTTLIEB STEEN & HAMILTON LLP**
Jared Gerber
One Liberty Plaza New York, NY 10006
Telephone: 212-225-2507
Email: jgerber@cgsh.com

12. Only stockholders who have filed with the Court and sent to the Parties' counsel valid and timely written notices of objection and notices of appearance will be entitled to be heard at the hearing unless the Court orders otherwise.

13. Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Amount and Service Awards to the two Plaintiffs, unless otherwise ordered by

the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

14. The Plaintiffs shall file their motion for final approval of the Settlement at least twenty-eight (28) calendar days before the Settlement Hearing. If there is any objection to the Settlement, the deadline for filings in response to the objection(s) is seven (7) calendar days before the Settlement Hearing.

15. All proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.

16. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Synchrony stockholders.

17. Neither the Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document or exhibit referred or attached to the Stipulation, nor any action taken to carry out the Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the claims released herein or an admission by or against the Defendants of any fault, wrongdoing, or concession of liability whatsoever.

18. The Court may, in its discretion, change the date and/or time of the Settlement Hearing without further notice to Current Synchrony Stockholders. Any Current Synchrony Stockholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar for any change in the date or time of the Settlement Hearing.

**SO ORDERED** at New Haven, Connecticut, this 21st day of December, 2023.

/s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE